IH-32                                                                                          Rev: 2014-1

# United States District Court
for the
# Southern District of New York
## Related Case Statement

### Full Caption of Later Filed Case:

APRESS MEDIA, LLC; CENGAGE LEARNING,
INC.; ELSEVIER INC.; HACHETTE BOOK
GROUP, INC.; HARPERCOLLINS PUBLISHERS
LLC; JOHN WILEY & SONS, INC.; MCGRAW HILL
LLC; et al.

| Plaintiff | Case Number |
|---|---|
| vs. | No. 1:26-cv-01850 |
| ANNA'S ARCHIVE and DOES 1-10 | |

Defendant

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

ATLANTIC RECORDING
CORPORATION;
ATLANTIC MUSIC GROUP LLC; BAD
BOY RECORDS LLC; ET AL.

| Plaintiff | Case Number |
|---|---|
| vs. | No. 1:26-cv-00002-JSR |
| ANNA'S ARCHIVE and DOES 1-10 | |

Defendant

IH-32                                                                                          Rev: 2014-1

Status of Earlier Filed Case:

☐  Closed          (If so, set forth the procedure which resulted in closure, e.g., voluntary
                   dismissal, settlement, court decision.  Also, state whether there is an appeal
                   pending.)

☑  Open            (If so, set forth procedural status and summarize any court rulings.)

On January 2, 2026, Atlantic Recording Corporation et al. filed a sealed complaint against notorious pirate website Anna's Archive and Doe defendants. Plaintiffs moved for an emergency ex parte temporary restraining order and an order to show cause regarding a preliminary injunction. The same day, the Court granted the temporary restraining order and order to show cause. After Anna's Archive did not file any responding papers or appear at the January 16, 2026 hearing on the order to show cause, the Court entered a preliminary injunction against Anna's Archive and ordered the case unsealed. On January 29, 2026, Plaintiffs filed a proposed Clerk's Certificate of Default, which was entered February 2, 2026.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

Relating this action to Case No. 1:26-cv-00002-JSR would serve the interests of justice and efficiency as required by Rule 13 for the SDNY Division of Business Among District Judges. All of the considerations set forth in Rule 13(a)(1) have been met. Specifically: (A) Both cases involve substantially similar parties and copyright interests. Both cases concern the same Defendants, namely the notorious pirate website Anna's Archive and its unidentified collaborators. Both cases concern the same allegation of direct copyright infringement, albeit of different copyrighted works. (B) There is substantial, indeed nearly identical factual overlap between the two cases, in particular the infringing conduct of Defendants committed via the operation of Defendants' numerous website domains. (C) If the two cases are not deemed related, courts might issue conflicting orders, potentially permitting some copyrighted works to remain available while others are enjoined from distribution; or treating similarly situated third parties differently in terms of their required compliance with the orders. (D) Absent a determination of relatedness, there is likely to be substantial duplication of effort and expense. Such a circumstance would require multiple courts to address identical issues, including the requirements for alternative service on Defendants; the irreparable harm, balance of hardships, and public interest factors implicated by an injunction; and the enforcement of potentially overlapping orders. Deeming this case related to 1:26-cv-00002-JSR would avoid this duplication and streamline these enforcement actions against a notorious pirate website.

Signature:  __/s/ Matthew J. Oppenheim_____    Date: __3/6/26_____

                   Oppenheim + Zebrak, LLP

Firm:       _____