## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APRESS MEDIA, LLC; CENGAGE LEARNING, INC.; ELSEVIER INC.; HACHETTE BOOK GROUP, INC.; HARPERCOLLINS PUBLISHERS LLC; JOHN WILEY & SONS, INC.; BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC D/B/A MACMILLAN LEARNING; MACMILLAN PUBLISHING GROUP, LLC D/B/A MACMILLAN PUBLISHERS; MCGRAW HILL LLC; PEARSON EDUCATION, INC.; PENGUIN RANDOM HOUSE LLC; SIMON AND SCHUSTER, LLC; AND TAYLOR & FRANCIS GROUP LLC, | Civil Action No. 1:26-cv-01850  [PROPOSED] DEFAULT JUDGMENT |
| Plaintiffs, | |
| v. | |
| ANNA'S ARCHIVE and DOES 1-10, | |
| Defendants. | |

**WHEREAS,** Plaintiffs Apress Media, LLC; Cengage Learning, Inc.; Elsevier Inc.; Hachette Book Group, Inc.; HarperCollins Publishers LLC; John Wiley & Sons, Inc.; Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning; Macmillan Holdings, LLC; McGraw Hill LLC; Pearson Education, Inc.; Penguin Random House LLC; Simon and Schuster, LLC; and Taylor & Francis Group LLC (collectively, "Plaintiffs" or "Publishers"), commenced this action against Defendants Anna's Archive and Does 1-10 ("Defendants") for direct copyright infringement by the filing of the Complaint on March 6, 2026, ECF. No. 1 (refiled March 9, 2026, ECF. No. 6);

1

**WHEREAS**, Plaintiffs served Defendants with the Summons and Complaint on April 7, 2026, via electronic mail (ECF No. 16) pursuant to the Court's April 7, 2026 Order (ECF. No. 15), granting Plaintiffs' Motion to Serve Defendants by Electronic Mail (ECF. No. 11);

**WHEREAS**, Defendants failed to answer or otherwise respond to the Complaint by the required deadline, or otherwise defend the action, and Plaintiffs moved for an Entry of Clerk's Certificate of Default on April 30, 2026, ECF. No. 17;

**WHEREAS**, the Clerk entered a Certificate of Default as to Defendants on May 1, 2026, ECF. No. 19;

**WHEREAS**, Plaintiffs moved the Court for entry of Default Judgment on May 7, 2026;

**WHEREAS**, the Court has considered Plaintiffs' Motion for Default Judgment and all supporting papers thereto, and for the reasons stated therein and for good cause shown;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Plaintiffs' Motion for Default Judgment is GRANTED.

2. Judgment is hereby granted in Plaintiffs' favor and against Defendants on Plaintiffs' claim for direct copyright infringement.

4. Defendants are hereby ordered to pay each of the 13 Plaintiffs statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2), in the amount of $150,000.00 for each of the 10 Works in Suit owned by that Plaintiff listed on Exhibit A to the Complaint, for a total of $1,500,000 ($19,500,000 collectively for all Plaintiffs).

5. Pursuant to 17 U.S.C. § 503(b):

a. Defendants shall immediately destroy all copies of any work owned or controlled by any Plaintiff ("Work") that it obtained without authorization from that Plaintiff, or any portion(s) thereof in any form; and

b. Within ten business days after service of this Judgment on them, Defendants shall file with this Court and serve upon Plaintiffs a written report, under penalty of perjury under the laws of the United States, that includes the following: (1) a detailed description of the manner and form in which Defendants complied with the injunctive relief set forth in this paragraph; and (2) valid contact information (including without limitation a valid mailing address, telephone number, and email address) for Defendant Anna's Archive and for each of its managing agents.

6. Pursuant to Federal Rule of Civil Procedure 65(b), the All Writs Act, 28 U.S.C. § 1651, 17 U.S.C. § 502(a), and this Court's inherent equitable powers, Defendants, their officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them, are hereby permanently ENJOINED AND RESTRAINED from, anywhere in the world:

a. Hosting, linking to, distributing, reproducing, copying, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any Works, or any portion(s) thereof in any form;

b. Taking any action that directly or indirectly enables, facilitates, permits, assists, solicits, encourages or induces any user or other third party (i) to copy, host, index, reproduce, download, stream, exhibit, distribute, communicate to the public, upload, link to, transmit, publicly perform, display or otherwise use or exploit in any manner any Works, or any portion(s) thereof in any form; or (ii) to make available any Works, or any portion(s) thereof in any form, for copying, hosting, indexing, reproducing, downloading, streaming, exhibiting, distributing, communicating to the public, uploading, linking to,

3

transmitting, publicly performing or displaying, or for any other use or means of exploitation, including via BitTorrent;

c. Committing any acts intended to cause users to believe that copies of the Works, or any portion(s) thereof in any form, available directly or indirectly through any website operated by Defendants (the Websites") are authorized copies sponsored by, approved by, connected with, guaranteed by, or distributed under the control and/or supervision of the copyright owners;

d. Otherwise infringing any Works;

e. Transferring, performing any function, or taking any step that results in the transfer of the registration of any of the domain names of the Websites ("Anna's Archive Domain Names") including without limitation the domain names annas-archive.gl, annas-archive.pk, and annas-archive.gd, to any other registrant or registrar;

f. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs 6(a) through 6(e).

7. All domain name registries and registrars of record for Anna's Archive Domain Names and all hosting and internet service providers for the Websites shall, upon gaining knowledge of this Judgment by service, actual notice, or otherwise:

a. Permanently disable access to Anna's Archive Domain Names, through a registry hold or otherwise, and prevent their transfer to anyone other than the Plaintiffs or the Plaintiffs in the related action *Atlantic v. Anna's Archive*, Case No. 1:26-cv-00002-JSR;

b. Permanently disable the authoritative nameservers for the Websites;

c. Permanently cease any hosting services for the Websites or any other websites that host the infringing content or directly facilitate its distribution;

4

d. Preserve all evidence that may be used to identify the individuals or entities using Anna's Archive Domain Names and/or operating the Websites; and

e. Refrain from frustrating, and reasonably assist in, the implementation of this Judgment.

8. For the avoidance of doubt, and without limiting the generality of the foregoing, the terms of this Judgment apply to the following past or present domain name registries and/or registrars of record for Anna's Archive Domain Names and to the following past or present hosting and/or internet service providers for the Websites (in addition to any and all other domain name registries and registrars of record for any Anna's Archive Domain Names, now or in the future, and any and all other hosting and internet service providers for the Websites, now or in the future): Public Interest Registry; Cloudflare Inc.; Switch Foundation; The Swedish Internet Foundation; National Internet Exchange of India; Njalla SRL; IQWeb FZ-LLC; IQWeb – LLC Net; DDOS – Guard Ltd.; Immaterialism Ltd.; Hosting Concepts B.V.; Tucows Domains Inc.; OwnRegistrar, Inc.; Paul Boissel Dombreval; Neterra Ltd.; Netulu Incorporated; Webglobe d.o.o.; TELE Greenland/Tusass; PKNIC; National Telecommunications Regulatory Commission; and CentralNic Registry.

9. Defendants may seek relief from paragraph 6(e) and paragraph 7 of this Judgment upon a showing that they have satisfied in whole paragraphs 4 and 5 of this Judgment and have complied in full with paragraph 6 of this Judgment.

10. Plaintiffs shall serve a copy of this Judgment on Defendants within two (2) business days of its issuance pursuant to the same electronic means specified in the Order Granting Plaintiffs' Motion for Service by Electronic Mail, ECF. No. 15.

11. The Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment, and to enter such further orders as may be necessary or appropriate to effectuate and facilitate enforcement of this Judgment and/or otherwise redress Defendants' violations of Plaintiffs' rights.

**IT IS SO ORDERED.**

Entered this 17th day of _____May_____ , 2026.


_____

Honorable Jed S. Rakoff
United States District Judge

6